**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of **8 U.S.C. 1326(a)** *Reentry of removed alien* has been committed by **Jesus Maria FERMIN-Guzman (FERMIN-Guzman).**

## PROBABLE CAUSE

1. On November 15, 2025, while conducting routine immigration inspections with combined agency components of the Department of Homeland Security, Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) Agents and Enforcement and Removal Officers (ERO). All immigration components present were wearing clearly visible outer exterior vests marked with their respective insignia identifying themselves to the public. Immigration components encountered and later identified **Jesus Maria FERMIN GUZMAN**, herein after referred to as **FERMIN-Guzman**.

2. Immigration agents were performing roving patrol in San Juan Puerto Rico. When immigration agents arrived near Guipuzcoa Street, San Juan Puerto Rico agents exited their vehicle and approached a group of people that were in a public area. When **FERMIN-Guzman** observed the agents, **FERMIN-Guzman,** fled on foot, shortly after agents were able to detain **FERMIN-Guzman**. Based on my prior law enforcement and immigration enforcement experience, the subject ran from agents in an attempt to evade inspection because he was in violation of immigration laws of the United States.

3. Once detained **FERMIN-Guzman** voluntary admitted being illegally present in the United States. Subsequently **FERMIN-Guzman** was apprehended and transported to Enforcement and Removal Operations Processing Center.

4. HSI agents performed an immigration inspection and determined that **FERMIN-Guzman** was not in possession of a valid unexpired immigrant visa, reentry permit, border

crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI determined that **FERMIN-Guzman** is inadmissible to the United States, and agents arrested and transported **FERMIN-Guzman** to an Enforcement Removal Operations (ERO) Office in San Juan for further processing.

5. Further immigration records checks revealed the following:

6. Immigration documents indicate **FERMIN-Guzman** received a Voluntary Departure from an Immigration Judge on July 27, 2011. **FERMIN-Guzman** voluntarily departed from the United States to the Dominican Republic on September 30, 2011.

7. On November 08, 2011, **FERMIN-Guzman** was intercepted at sea attempting to illegally enter the U.S. **FERMIN-Guzman** was processed for an expedited removal and received a Final Order of removal on November 08, 2011. **FERMIN-Guzman** was physically removed from the United States to the Dominican Republic, on January 24, 2012.

8. Record checks also revealed that as of November 15, 2025, **FERMIN-Guzman** had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, **FERMIN-Guzman** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

9.  HSI SAs read **FERMIN-Guzman** his Miranda rights which **FERMIN-Guzman** waived and agreed to speak with the agents without the presence of an attorney. **FERMIN-Guzman** admitted to being illegally present in the United States.

10. **FERMIN-Guzman** admitted the following:

11. The following is a synopsis of the interview and should not be viewed as a verbatim transcript.

   a. **FERMIN-Guzman** received a Voluntary Departure between 2010 or 2011. Then a few months later, on his way to Puerto Rico in a yawl with approximately 66 tripulants, **FERMIN-Guzman** was intercepted at sea by maritime immigration authorities. **FERMIN-Guzman** was subsequently deported to Dominican Republic.

   b. On or about September 8, 2021, **FERMIN-Guzma** illegally entered without inspection to Puerto Rico in a yawl with approximately 33 tripulants through Mayaguez Puerto Rico.

12. On November 15, 2025, **FERMIN-Guzman,** a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. **FERMIN-Guzman** was not admitted, inspected, or paroled into the United States by an immigration officer, nor did **FERMIN-Guzman** present himself at a designed port of entry for inspection.

**CONCLUSION**

13. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that

4

**FERMIN-Guzman** reentered the United States after being removed in violation of **8 U.S.C. 1326(a)**– *Reentry of removed alien*.

Respectfully submitted,

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at 5:42PM by telephone, this 17th day of November, 2025.

**MARCOS E. LÓPEZ**
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

5